Charles Gershbaum, Esq. (CG8447)
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:     (212) 425-1020
Facsimile:     (212) 532-3801
Charles@HGRlawyers.com

Shawn Khorrami, Esq.
Dylan Pollard, Esq.
Matt Bailey, Esq.
KHORRAMI POLLARD & ABIR LLP
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:     (213) 596-6000
Facsimile:     (213) 569-6010
Skhorrami@kpalawyers.com
Attorneys for Plaintiff Angel Naula and Jose Fermin

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGEL NAULA and JOSE FERMIN, on behalf of themselves and all others similarly situated, | Case No: 08 Civ. 11364 (JGK) <br> ECF Case |
| Plaintiffs. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY UNDER THE "FIRST-FILED" RULE** |
| -against- | |
| RITE AID OF NEW YORK INC d/b/a RITE AID, RITE AID CORPORATION and DOES 1 through 100, inclusive. | |
| Defendants. | |

1

I.     **INTRODUCTION**

Defendants seek to dismiss this class action on the basis that this case was filed after *Indergit v. Rite Aid Corporation, Right Aid of New York, Inc.,* Case No. 08 Civ. 9361 (PGG), and is duplicative of the first filed action.

Significantly, Defendant brings the instant Motion despite the fact that **(1)** a pending petition to transfer both *Indergit* and *Naula* (with five other cases) to the Judicial Panel on Multidistrict Litigation stands to render this entire issue moot, **(2)** that the Rite Aid's concurrent request to Judge Gardephe (the judge presiding over *Indergit*) to enjoin *Naula* was denied, and **(3)** that the Plaintiffs in both *Indergit* and *Naula* mutually agree that the proper course of action, assuming the MDL petition is denied, would be to consolidate both actions before Judge Gardephe.  As applicable Local Rules vests the decision to dispose of the *Naula* action solely in the hands of the judge overseeing the first filed action – i.e.  Judge Gardephe – Rite Aid's decision to continue its pursuit of the instant Motion in this Court is not only improper, it constitutes an unnecessary waste of resources (not only by this Court, but Plaintiff's counsel as well).

These defects notwithstanding, Defendant's effort to achieve dismissal of the *Naula* action by way of its instant Motion lacks substantive merit, not only because there are significant material differences between *Indergit* and *Naula* precluding dismissal of this important class action, but also because the bulk of legal authority favors transfer and consolidation when applying the first to file rule to similar, but not identical cases.

For these reasons, as is set forth in detail below, Defendant Rite Aid's instant Motion must be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. The Instant Action

Plaintiffs Angel Naula and Jose Fermin filed the instant putative class action under Federal Rule of Civil Procedure 23, alleging that Rite Aid misclassified managers and assistant managers in its New York stores as exempt and failed to pay them overtime wages required by New York Labor Law § 512 *et seq*. *See* Dkt. Entry No. 44, Amended Complaint, ¶¶ 2-5, 7-8. Under a company-wide policy, Plaintiffs primarily performed non-managerial duties, including stocking shelves and operating cash registers, and were thus erroneously classified as exempt from overtime pay for work in excess of 40 hours per week. *Id.* at ¶¶ 25-29. The Complaint alleged a statutory period of 6 years, from the time of the December 31, 2008 filing. *Id.* at ¶ 17.

### B. *Indergit v. Rite Aid*

*Indergit*, filed on October 31, 2008, is pending in the Southern District of New York before the Honorable Judge Gardephe. *Indergit*'s named plaintiff is a manager who alleges that Rite Aid misclassified managers as exempt from New York Labor Law overtime requirements. *See* Dkt. Entry 17, Amended Complaint ¶ 10. However, *Indergit* also plead Fair Labor Standards Act claims among several other causes of action. Significantly, *Indergit* has standing <u>solely for managers</u>. *Id.* at ¶ 9. In addition, *Indergit*'s statutory period is different, as it plead January 1, 2009 as the time from which its claims run. *Id.* at ¶22.

### C. *Craig v. Rite Aid:* Petition for Multidistrict Litigation

On August 4, 2009, the plaintiffs in *Craig v. Rite Aid Corporation and Eckerd Corporation d/b/a Rite Aid*, Civil Action No. 4:08-cv-02317 (JEJ) (M.D. Pa.) filed a motion before the Judicial Panel on Multidistrict Litigation to transfer *Naula* and *Indergit* for coordination and consolidation

3

to the Middle District of Pennsylvania, along with five other federal court cases filed against Rite Aid. *See Motion and Memorandum in Support of Plaintiff's Motion for Transfer of Actions to the Middle District of Pennsylvania*, attached as Ex. A to Declaration of Charles Gershbaum.   If the MDL petition is granted, Defendant Rite Aid's instant Motion will be rendered moot.

### D.  Judge Gardephe Denies Rite Aid's Concurrent Request To Enjoin Naula

Concurrent with its filing of the instant Motion, Rite Aid requested a pre-trial conference with the Honorable Paul Gardephe, the judge assigned to *Indergit*, seeking permission to file a motion to enjoin the instant action based on the first-to-file rule. *See* Rite Aid's August 14, 2009 Letter to Judge Gardephe, attached as Ex. B to Declaration of Charles Gershbaum.   In response, the *Indergit* Plaintiffs joined *Naula* in a request that Judge Gardephe either postpone the hearing of Defendant's motion until the MDL panel renders its decision, or permit the *Indergit* and *Naula* plaintiff's to file a joint motion for consolidation of the two actions.  *See* Indergit's Letter to Judge Gardephe, August 21, 2009, attached as Ex. C to Declaration of Charles Gershbaum, and Naula's Letter to Judge Gardephe, August 26, 2009 attached as Ex. D to Declaration of Charles Gershbaum. Significantly, Judge Gardephe denied Rite Aid's request to file a motion to enjoin *Naula* while the MDL petition was pending.

### III.         ARGUMENT AND CITATION TO AUTHORITY

#### A.  The First-to File Rule

The first-to-file rule "is a general rule of comity between federal courts that where two cases between the same parties, involving the same issues, are commenced in two federal courts, the action should proceed in the forum in which the case was first brought." *Establissements Henry-Le Paute, S.A. v. American Greiner Elec., Inc.* 177 F. Supp. 228, 229 (D. Conn. 1959) (citations omitted).  "But, mere similarity of claims is not sufficient to invoke the first-to-file rule." *Byerson*

*v. Experian Information Solutions, Inc.*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006). Rather, duplicative law suits, for first-to-file purposes, are actions with issues that " 'have such identity that a determination in one action leaves little or nothing to be determined in the other.'" *Fuller*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).

In applying the first to file rule, the court has several options: dismiss, stay, or transfer and consolidate the similar cases. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "In determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) ("*Fuller*") citing *Alltrade, Inc. v. Univeld Prod.s, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991); *Thomas & Betts v. Hayes*, 222 F. Supp.2d 994, 996 (W.D. Tenn. 2002); *Smithers-Oasis Co. v. Clifford Sales and Mktg.*, 194 F.Supp. 2d 685, 687 (N.D. Ohio 2002); *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903-04 (N.D. Ohio 1999).

### B.   Defendant's Instant Motion is Procedurally Improper, As the Court in which the First-Filed Case Was Brought Must Decide the Application of the First-Filed Rule

Even if Defendant Rite Aid had a basis to bring the instant Motion – which it does not – Defendant has improperly sought relief in the instant Court. It is well established that the court in which the first-filed case was brought must decide the application of the first-filed rule. *See Schnabel v. Ramsey Quantitative Sys., Inc.*, 322 F. Supp.2d 505, 511 (S.D.N.Y. 2004)("'[T]he court in which the first-filed case was brought decides the question of whether or not the first filed rule, or alternatively, an exception to the first-filed rule, applies.' *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982).'"). Indeed, this is a requirement proscribed under Local Rule 15 (d) ("Motions in civil and criminal cases to consolidate, or for a joint trial, are regulated by the Federal Rules….All such motions shall be noticed for hearing before

the judge having the lowest docket number, with courtesy copies to be provided to the judge or judges having the cases with the higher docket numbers.").

Here, Defendant's instant Motion not only admits that *Indergit* was the first filed case, Defendant has in fact sought and was denied permission to file the instant Motion with Judge Gardephe. Based thereon, Defendants effort to secure relief in this Court not only entails an improper end run on established procedure, it constitutes an improper end run on Judge Gardephe's decision. Based on this fact alone, Rite Aid's instant Motion must be denied.

### C. In the Alternative, Defendant's Motion Should be Denied, As the Pending MDL Petition Stands to Render the Relief Sought by Rite Aid Moot

Notwithstanding the forgoing, Rite Aid's efforts to secure dismissal of the instant case stands to achieve little more than a pyrrhic victory in light of the pending MDL petition. If the MDL petition is granted, any determination made by this Court on the relief requested by Rite Aid may be rendered moot. Furthermore, as the MDL transfer request was filed on August 4, 2009, several weeks before Defendant's instant motion, it likely that the transfer request will be decided by the MDL panel before the instant motion is heard.

Thus, even if the instant Motion was properly before this Court – which it is not – Defendant's instant Motion is premature. In light of the current procedural posture of the action, denial of Defendant's Motion is in the interest of judicial economy, as it will avoid unnecessary expenditure of resources by the parties and the Court while the MDL petition is pending.[1]

### D. As *Naula* is A Sufficiently Distinct and Non-duplicative Action, Defendant's Motion to Dismiss Must be Denied.

---

[1] Indeed, dismissal of the instant action under the first to file rule would only serve to unnecessarily invite further litigation, such as appellate proceedings, that at the end of the day serve no reasonable purpose in advancing the Rite Aid litigation.

Even if the Court were inclined to consider the instant Motion, Defendant has failed to articulate a basis on which the *Naula* action could be dismissed. Under the factors set forth in *Fuller*, these two actions are not duplicative in two material respects. First, *Naula* includes named representatives in both the store manager and assistant manager positions, whereas *Indergit* is brought solely by a former manager. *Naula*, Dkt. Entry No. 44. , Amended Complaint, ¶¶ 7-8; *Indergit,* Dkt. Entry 17 , Amended Complaint ¶ ¶ 10, 22.  Significantly, Defendant Rite Aid has moved to dismiss on such grounds, and that motion was denied without prejudice.  See *Indergit,* Dkt. Entry 36.  Thus, dismissing the instant case stands to prejudice an entire class of Rite Aid assistant manager employees, leaving them without recourse or remedy. Similarly, *Indergit* and *Naula* have different statutory periods as *Indergit* has pled a class period that begins <u>after</u> *Naula* was filed.  Whereas the *Naula* class period begins on December 31, 2008 – the date of filing – the *Indergit* class period is pled as commencing on January 1, 2009.  *See Naula*,  Dkt. Entry No. 44. , Amended Complaint, ¶¶ 17; *Indergit,* Dkt. Entry 17  Amended Complaint ¶  23 .

Contrary to Defendant's assertion, the Amended Complaint in *Naula* does <u>*not*</u> concede that *Indergit* is "a lawsuit containing identical allegations against the same Defendants." (Defendant's Motion to Dismiss, p. 1).  Rather, the *Naula* Amended Complaint plainly states that *Indergit* shares "similar factual allegations."  *Naula*, Dkt. Entry No. 44. , Amended Complaint, ¶ 9(b).  The significant differences in both cases render the cases materially different and preclude dismissal of the instant action.

### E.  Rather Than Dismissing This Case, The Court Should Transfer and Consolidate This Action with *Indergit v. Rite Aid*

The decision to transfer or stay the second action, which is within the discretion of the trial court [*Reisman v. Van Wagoner Funds, Inc.*, 2002 U.S. Dist. LEXIS 12224 at *4 (D. Del.

Jan. 4, 2002)], is heavily favored as the "'litigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery' and prevents "duplicative litigation and inconsistent results." *Samsung Elec. Co. Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005) *internal citations omitted. See also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). ("Transfer and consolidation serve the interest of judicial economy in most cases where the related actions raise similar or identical issues of fact and law." *Samsung*, 386 F. Supp. 2d at 721).

    The bulk of cases cited by Defendant underscore the fact that when faced with the first to file rule, Courts favor transferring and consolidating the similar cases. *See White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339 (S.D. Miss. 2008); *Fuller*, 370 F. Supp. 2d 686; *Reisman v. Van Wagoner Funds, Inc.*, 2002 U.S. Dist. LEXIS 12224 (D. Del. Jan. 4, 2002); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 506-507 (M.D. La. 2005). In fact, although Defendant relies on *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) for the proposition that this case should be dismissed, *Fuller* actually demonstrates that even where two related actions involve identical Defendants, identical putative classes, and identical claims – which is not the case here—the second filed case should be transferred and consolidated with the first. (See *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

    As *Naula* and *Indergit* share similar, factual and legal issues, but are not identical cases, *Naula* should be transferred and consolidated with *Indergit*, the first filed case.

### IV.    **CONCLUSION**

    For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order to (1) deny Defendant's Motion to Dismiss under the "First-Filed" Rule; (2) transfer *Naula* to the *Indergit* Court or (3) stay proceedings in this action pending Judge Gardephe's resolution of Indergit's

proposed Motion to Consolidate *Naula* and the pending the MDL panel's determination of the proposed Multidistrict Litigation in the Middle District of Pennsylvania.

Dated: August 28 2009

                         Respectfully submitted,

                         HEPWORTH, GERSHBAUM & ROTH, PLLC

                         By: _____S/_____
                              Charles Gershbaum, Esq. (CG8447)
                              Attorneys for Plaintiff(s)
                              192 Lexington Avenue, Suite 802
                              New York, New York 10016
                              Telephone: (212) 545-1199
                              Charles@HGRlawyers.com

                              Shawn Khorrami, Esq.
                              Dylan Pollard, Esq.
                              Matt Bailey, Esq.
                              KHORRAMI POLLARD & ABIR LLP
                              444 S. Flower St., Thirty-Third Floor
                              Los Angeles, California 90071
                              Telephone:    (213) 596-6000
                              Facsimile:     (213) 569-6010
                              Skhorrami@kpalawyers.com