```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOSE FERMIN, on                    :
behalf of himself and all
others similarly situated,         :

                Plaintiffs,        :    08 Civ. 11364 (JPO)(HBP)

     -against-                     :

RITE AID OF NEW YORK INC.,         :
doing business as
Rite Aid, Rite Aid Corporation,    :
et al.,
                                   :
                Defendants.
                                   :
-----------------------------------X

YVON WITTY,                        :

                Plaintiff,         :    11 Civ. 0012 (JPO)(HBP)

     -against-                     :

RITE AID CORPORATION, et al.,      :

                Defendants.        :
-----------------------------------X

EDDY IBEA, et al.,                 :

                Plaintiffs,        :    11 Civ. 5260 (JSR)(HBP)

     -against-                     :    MEMORANDUM OPINION
                                        AND ORDER
RITE AID CORPORATION,              :

                Defendant.         :
-----------------------------------X
```

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 2/3/12]

PITMAN, United States Magistrate Judge:

By letter brief dated December 19, 2011, defendants seek a protective order precluding plaintiffs from conducting the depositions of four former employees of defendants: Dave Cardello, Wayne LeClair, Steve Parsons and Murray Todd. For the reasons set forth below defendants application for a protective order is granted without prejudice to a future motion by plaintiffs to compel the depositions.

Plaintiffs are current and former Assistant Store Managers and Co-Managers of Rite Aid drug stores and challenge defendants' classification of them as executive employees who are exempt from the overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a)(1). Defendants describe the four witnesses in issue as former high-level executive employees of Rite Aid. Specifically, Dave Cardello was Rite Aid's Vice President of Field Operations; he left Rite Aid in September 2011. Wayne LeClair was Rite Aid's Vice President of Field Human Resources; he left Rite Aid in September 2007. Steve Parsons was Rite Aid's Senior Vice President of Human resources; he left Rite Aid in July 2011. Murray Todd was Rite Aid's Senior Vice President of Store Operations; he left Rite Aid in November 2007.

Plaintiffs seek to depose these individuals concerning defendants' decision to classify Assistant Store Managers and Co-Managers as exempt executive employees. Based on the testimony of other witnesses, the four witnesses in issue here appear to have participated in those decisions. Defendants seek to preclude the depositions on two grounds:

> (1) Plaintiffs have already conducted an extensive 30(b)(6) deposition of Rite Aid, and allowing them to depose four additional (former) high-level executives on the same topics would be unnecessarily cumulative, burdensome, and a waste of time and resources; and (2) the four former high-level executives Plaintiffs seek to depose have no unique personal knowledge relevant to Phase I discovery issues -- specifically those issues relating to class certification or the clams of the individual plaintiffs.

(Letter from Daniel E. Turner, Esq. to the undersigned, dated December 19, 2011).

Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part that a "court may, for good cause issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." Rule 26(c) "puts the burden on the party seeking relief to show some plainly adequate reason therefore. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8A Charles A. Wright, Arthur R. Miller & Richard L.

3

Marcus, <u>Federal Practice & Procedure</u> § 2035 at 157-58 (3rd ed. 2010); <u>see also</u> <u>In re Parmalat Sec. Litig.</u>, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Thus, defendants bear the burden of showing that a protective order is appropriate.

With respect to their first ground, defendants appear to be asserting that the fact that plaintiffs' have a taken a 30(b)(6) deposition concerning the subjects they wish to explore with Cardello, LeClair, Parsons and Todd precludes them from deposing those individuals. The 1970 Advisory Committee Notes, which accompanied the introduction of Rule 30(b)(6), teach that defendants' theory is far too facile.

> [The procedure set forth in Rule 30(b)(6)] supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to [Rule 30(b)(6)] have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

(Advisory Committee Notes to the 1970 Amendments to Fed.R.Civ.P. 30). Thus, the fact that a 30(b)(6) deposition was taken is only one, non-dispositive factor for a court to consider in determining whether depositions of individual witnesses are appropriate.

The principal problem with defendants argument is that defendants provide no explanation for their conclusion that the depositions of Cardello, LeClair, Parsons and Todd would be

4

cumulative. There is, for example, no representation that these four witnesses have reviewed the transcript of the 30(b)(6) deposition and confirmed that they have nothing to add. I realize that the parties, at my instruction have addressed the present dispute by way of letter briefs instead of a formal motion, and I am not faulting defendants for proceeding by way of proffer instead of affidavit. Nevertheless, defendants should provide some explanation for their proffer that the four witnesses in issue have no information that materially adds to the 30(b)(6) testimony.

Defendants' second argument suffers from a similar problem. Although high-level executives are ordinarily protected from depositions unless they possess unique knowledge, defendants letter does not explain the basis for their proffer that Cardello, LeClair, Parsons and Todd have no unique knowledge.[1]

---

[1]The case law discussing the "unique knowledge" requirement is inconsistent concerning which side bears the burden of proof. Compare, e.g. Burns v. Bank of America, 03 Civ. 1685 (RMB)(JCF), 2007 WL 1589437 at *3 (S.D.N.Y. Jun. 4, 2007) (Francis, M.J.) ("Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned.") with Malletier v. Dooney & Bourke, Inc., 04 Civ. 5316 (RMB)(MHD), 2006 WL 3476735 at *12 (S.D.N.Y. Nov. 30, 2006) (Dolinger, M.J.) ("Courts have agreed that if a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an order vacating the deposition notice if
(continued...)

Nevertheless, the foregoing does not end the analysis. There appears to be no dispute that two of the witnesses in issue -- LeClair and Todd -- left Rite Aid more than four years ago. In addition, Cardello and Parsons' involvement with defendants' classification decisions appears to have taken place two to three years ago. (See Letter of Michael J. Palitz, Esq., to the undersigned date December 27, 2011). Given these facts -- and given the large amount of discovery taking place in these matters with respect to other issues -- there is reason to question whether the benefit of deposing Cardello, LeClair, Parsons and Todd will even equal the burden; it may well be the case that they have no substantial memory of the relevant matters. Accordingly, I conclude that the most reasonable solution is for plaintiffs to serve a maximum of ten (10) written questions to be

---

[1](...continued)
it can demonstrate that the proposed deponent has no personal knowledge of the relevant facts and no unique knowledge of those facts.").

I submit the more correct approach is that which allocates the burden of proof to the party resisting the deposition. Such an allocation is more consistent with the general case law providing that the party seeking a protective order bears the burden of showing good cause. It also makes more sense. The party seeking the deposition necessarily lacks access to the witness and can only speculate as to his or her knowledge. The party resisting the deposition, on the other hand, will have access to the witness in issue and can provide more reliable information as to his or her knowledge.

answered by each of the four witnesses in issue, either under oath or accompanied by a declaration pursuant to 28 U.S.C. § 1746, within ten business days. The questions should be aimed at resolving the issue of whether the witnesses have anything to add to the testimony given at defendants' 30(b)(6) deposition. If plaintiff's wish to make a motion to compel the depositions of these four witnesses after receiving answers to the questions, they may do so.[2] If defendants oppose the application, they will bear the burden of demonstrating that the depositions should not take place.

Dated:  New York, New York
        February 3, 2012

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

---

[2] If Cardello, LeClair, Parsons and Todd are not deposed, defendants will, of course, be precluded from relying on their testimony or affidavits. A party cannot, of course, object to a deposition on the ground that the witness has nothing to add to the record and then take an inconsistent position thereafter.

7

Copies transmitted to:

Charles Gershbaum, Esq.
Mark Hepworth, Esq.
Hepworth, Gershbaum & Roth, PLLC
192 Lexington Avenue
New York, New York   10016

Robert J. Drexler, Esq.
Shawn Khorrami, Esq.
Khorrami, Pollard & Abir, LLP
444 South Flower Street
33rd Floor
Los Angeles, California   90071

Alexandra Coler Warren, Esq.
Cuneo, Gilbert & LaDuca, LLP
106-A South Columbus Street
Alexandria, Virginia   22314

Gary E. Mason, Esq.
Jason Rathod, Esq.
Nicholas Migliaccio, Esq.
Mason LLP
1625 Massachusetts Avenue, N.W.
Suite 605
Washington, D.C.   20036

Michael A. Josephson, Esq.
Fibich, Hampton & Leeborn, LLP
1401 McKinney
Suite 1800
Houston, Texas   77010

Peter D. Winebrake, Esq.
R. Andrew Santillo, Esq.
Winebrake Law Firm, LLC
Twining Office Center
Suite 114
715 Twining Road
Dresher, Pennsylvania   19025

Steve D. Larson, Esq.
Yoona Park, Esq.
Stoll, Stoll, Berne, Lokting & Shlachter, P.C.
209 S.W. Oak Street
5th Floor
Portland, Oregon  97204

Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
Jeffrey A. Klafter, Esq.
Michael J. Palitz, Esq.
Klafter, Olsen & Lesser, LLP
Two International Drive
Suite 350
Rye Brook, New York  10573

Kalin M. Light, Esq.
Ashe, Rafuse & Hill, LLP
Suite 500
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309

Beth A. Moeller, Esq.
Daniel E. Turner, Esq.
Bonnie C. Puckett, Esq.
Justin M. Scott, Esq.
Kristy Offitt, Esq.
Lauren H. Zeldin, Esq.
Leah C. Lively, Esq.
Tracey T. Barbaree, Esq.
C. Garner Sanford, Esq.
Ogletree, Dearkins, Nash,
     Smoak & Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, Georgia  30303

Patrick G. Brady, Esq.
Suzanne K. Brown, Esq.
Epstein, Becker & Green, P.C.
One Gateway Center
13th Floor
Newark, New Jersey  07102

Brian P. Downey, Esq.
Raphael Cunniff, Esq.
Pepper, Hamilton, LLP
100 Market Street
Suite 200
P.O. Box 1181
Harrisburg, Pennsylvania   17108

Katherine A. Stone, Esq.
Barkan, Meizlish, Handelman, Goodin
     Derose, Wentz LLP
250 East Broad Street
10th Floor
Columbus, Ohio   43215

Robert E. DeRose, Esq.
Barkan, Neff, Handelman, Meizlish LLP
360 S. Grant Avenue
P.O. Box 1989
Columbus, Ohio   43216